# In the United States District Court for the Southern District of Georgia Waycross Division

UNITED STATES OF AMERICA,

v.

MAURA HILTON,

    Defendant.

CR 518-011

## ORDER

Before the Court is Defendant Maura Hilton's motion to be placed in a Bureau of Prisons' Community Corrections Center ("CCC") or Residential Reentry Center ("RRC") during the last twelve months of her imprisonment sentence. Dkt. No. 52. Her motion must be **DISMISSED**.

The Bureau of Prisons designates the place of a prisoner's imprisonment, 18 U.S.C. § 3621(b), and "shall, to the extent practicable, ensure that a prisoner serving a time of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community," id. § 3624(c).

While the Court commends Hilton for her educational achievements and efforts toward rehabilitation since her incarceration, the Court does not have the ability to grant

Hilton the relief she seeks. After a district court sentences a federal offender, the Bureau of Prisons is responsible for administering the sentence. United States v. Wilson, 503 U.S. 329, 331 (1992); see also 18 U.S.C. § 3621. To the extent Hilton is challenging the Bureau of Prisons' decision in that regard, her remedy is to file a petition pursuant to 28 U.S.C. § 2241. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008) ("[C]hallenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241.").

Moreover, Hilton's motion is premature. According to the Bureau of Prisons' website, Hilton's projected release date is December 25, 2023. Thus, she is not eligible for CCC/RRC placement for at least fifteen months.

Hilton's motion, dkt. no. 52, is **DISMISSED**.

**SO ORDERED**, this 13 day of September, 2021.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA